UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAH S. JOHNSON-EL Exrel JERRY L.
JOHNSON,

                    Plaintiff,

              -against-

WILLIAM L. DePROSPO d/b/a COUNTY
COURT MAGISTRATE,

                    Defendant.

1:20-CV-2878 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

        Plaintiff, who appears *pro se*, styles his pleading, which the Court will refer to as the

complaint, as a "Legal Notice of Removal From Municipal Court to Federal Court." He names

William L. DeProspo, a Judge of the County Court, Orange County, as the sole defendant.

Plaintiff alleges that Judge DeProspo violated his federal constitutional rights. He seeks damages

and the return of his pistol permit. He also asks the Court to enforce the "Divine Constitution and

By-Laws of the Moorish Science Temple of America; The Moorish Nation of North America;

Act VI; . . . [and] [t]he Treaty of Peace and Friendship of EIGHTEEN HUNDRED and

THIRTY-SIX." (*Id.*) He further asks the Supreme Court of the United States to view him "as a

Moorish American National (Natural Born Citizen of the Land) and not as a (brand) NEGRO,

BLACKMAN (person), COLORED, AFRICAN-AMERICAN, or other SLAVE TITLE or 'nom

de guerre' imposed on [him] for misrepresentation." (*Id.*) In addition, he asks the Supreme Court

of the United States "to fulfill [its] obligation to preserve [his] rights . . . and carry out [its]

Judicial Duty . . . by ordering [the defendant] to be brought before the Law to answer for [his]

criminal and unjust actions." (*Id.*) And he asks the Court to dismiss and expunge "ALL

UNCONSTITUTIONAL Citations – Summons / Ticket – Suit /(misrepresented) Bill of

Exchange: Number Pistol Permit 592-C16, and any other 'Order' or 'Action' associated with it / them . . . or [that the present action] be brought before a legitimately – delegated, and competent 'Court of Law' of International jurisdiction /venue." (*Id.*) The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983.

By order dated August 27, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons discussed below, the Court dismisses the present action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in

---

[1] Plaintiff originally filed his complaint without paying the relevant fees or seeking IFP status. Chief Judge Colleen McMahon directed Plaintiff to cure that deficiency (ECF 2), and when Plaintiff failed to do so, Chief Judge McMahon dismissed this action without prejudice (ECF 3 & 4). Plaintiff then filed a letter, which Chief Judge McMahon construed as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure, and for reconsideration under Local Civil Rule 6.3, granted the motion, and vacated the dismissal of this action. (ECF 6.) Chief Judge McMahon also gave Plaintiff 30 days' leave to either pay the fees or file an IFP application. (*Id.*) In response to Chief Judge McMahon's latest order, Plaintiff filed an IFP application (ECF 7), which Chief Judge McMahon granted (ECF 8). The present action was then reassigned to the undersigned.

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must

include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v.

Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough

factual detail to allow the Court to draw the inference that the defendant is liable for the alleged

misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court

must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true

"[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal

conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-

pleaded factual allegations, the Court must determine whether those facts make it plausible – not

merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff's complaint is difficult to comprehend; it is replete with unnecessary legal jargon

and references to purported treaties between the United States of America and other nations and

entities. But the Court understands the complaint as making the following allegations: Judge

DeProspo relied on false statements and Plaintiff's previous illegal traffic stop by a member of

the Town of Chester Police Department to unconstitutionally revoke Plaintiff's pistol permit.

## DISCUSSION

### A.     Claims arising from the traffic stop

Plaintiff asserts claims for damages against those "who initiated this false incident

regarding a traffic stop which did not involve any firearms." (ECF 1, at 11.) These claims are

duplicative of claims Plaintiff has raised in a previously filed action, *Johnson El v. Bird*, No. 7:19-CV-5102 – an action that was pending before Judge Cathy Seibel of this Court when Plaintiff filed the present action.[2] The Court therefore dismisses these claims without prejudice as duplicative of Plaintiff's claims in *Johnson El*, No. 7:19-CV-5102. *See Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 505 (2d Cir. 2019) ("The vital difference between the rule against duplicative litigation and the doctrine of claim preclusion . . . is that the former can only be raised to bar one of two suits that are both still pending; the latter is generally raised, after a prior suit is resolved on the merits, to preclude a party (or its privy) from relitigating claims in a subsequent suit that were or could have been raised in the prior action.) (footnotes omitted); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000) (For a duplicative second action, "simple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.").

**B.      Claims against Judge DeProspo**

In another of Plaintiff's actions, *Johnson El v. DeProspo*, 1:19-CV-8426, Plaintiff asserted claims under 42 U.S.C. § 1983 against Judge DeProspo arising from Judge DeProspo's May 16, 2019 decision to revoke Plaintiff's pistol permit. On November 22, 2019, Chief Judge McMahon dismissed that action – she dismissed Plaintiff's claims under § 1983 against Judge DeProspo under the doctrine of absolute judicial immunity and as frivolous. *Johnson El v. DeProspo*, No. 1:19-CV-8426, 2019 WL 6311882, *2-3 (S.D.N.Y. Nov. 22, 2019) ("*Johnson El I*"). Plaintiff did not appeal.

---

[2] In an Opinion & Order in *Johnson El*, 7:19-CV-5102, dated August 31, 2020, Judge Seibel granted the defendants' motion to dismiss and, thus, dismissed that action. (ECF 7:19-CV-5102, 51.)

4

On April 6, 2020, Plaintiff filed the complaint commencing the present action, again asserting claims under § 1983 against Judge DeProspo arising from Judge DeProspo's decision to revoke Plaintiff's pistol permit. For the reasons discussed below, the Court dismisses Plaintiff's claims under § 1983 against Judge DeProspo under the doctrines of issue preclusion and judicial immunity.

### 1. Issue preclusion

The doctrine of issue preclusion, also known as collateral estoppel, bars the relitigation of a legal or factual issue decided in a previous action if "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *Grieve v. Tamerin*, 269 F.3d 149, 153 (2d Cir. 2001) (internal quotation marks and citations omitted, alteration in original); *see Tracy v. Freshwater*, 623 F.3d 90, 99 (2d Cir. 2010) ("Collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party.") (internal quotation marks and citations omitted). "The doctrine of *issue preclusion . . .* 'bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim.'" *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 108 (2d Cir. 2015) (citation omitted, emphasis in original).

Although issue preclusion is an affirmative defense that must be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c)(1), the Court may raise it on its own initiative, *see Curry v. City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003) ("[W]e have previously upheld a district court's

dismissal of a case on collateral estoppel grounds even where collateral estoppel was not raised as an affirmative defense in the answer, but was raised by the district court *sua sponte,* without permitting the party against which it was asserted an opportunity to argue the issue.").

The present action presents one of the same issues that Chief Judge McMahon decided in *Johnson El I* – whether Judge DeProspo is immune from suit for any claims under § 1983 arising from Judge DeProspo's revocation of Plaintiff's pistol permit. All of the requirements for the application of issue preclusion are present. First, the relevant issue in the present action is identical to the relevant issue in *Johnson El 1* – whether Judge DeProspo is immune from suit for any claims under § 1983 arising from the revocation of Plaintiff's pistol permit. Second, that issue has been litigated and decided. *See Johnson El*, 2019 WL 6311882, at *2-3. Third, Plaintiff had a full and fair opportunity to litigate that issue in *Johnson El I*, but he never appealed. The fourth element, as it is often formulated, requires that "the issue previously litigated was necessary to support a valid and final judgment on the merits." *Grieve*, 269 F.3d at 153 (2d Cir. 2001) (internal quotation marks and citation omitted). Of course, dismissal on the basis of absolute immunity does not constitute an adjudication on the merits of the underlying claims. It is, however, an adjudication on the merits of the issue, the determination of which is essential to the previous judgment. *See New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001) ("Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim.").

It is well established that principles of issue preclusion apply to threshold determinations, such as subject-matter jurisdiction, *see, e.g.*, *Stone v. Williams*, 970 F.2d 1043, 1057 (2d Cir. 1992), ripeness, *see Park Lake Res. Ltd. Liab. Co. v. United States Dep't of Agric.*, 378 F.3d

1132, 1136-38 (10th Cir. 2004), exhaustion of administrative remedies, *see Hill v. Potter*, 352 F.

3d 1142, 1146-47 (7th Cir. 2003), venue, *see Baris v. Suplicio Lines, Inc.*, 74 F.3d 567, 571 (5th

Cir. 1996), *aff'd en banc*, 101 F.3d 367 (5th Cir. 1996), or the failure to join necessary parties, *id*.

But this list is not exhaustive. *See Am. Sur. Co. v. Baldwin*, 287 U.S. 156, 166 (1932) ("The

principles of [preclusion] apply to questions of jurisdiction as well as to *other issues*.")

(emphasis added)). And courts have given preclusive effect to absolute-immunity determinations

in various contexts. *See Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009) (summary order)

(absolute immunity of Assistant New York State Attorney General for his or her actions in civil

litigation); *Gupta v. Thai Airways Int'l, Ltd.*, 487 F.3d 759, 765-67 n.9 (9th Cir. 2007) (absolute

foreign sovereign immunity); *Rabin v. United States*, 210 F.3d 355 (2d Cir. 2000) (unpublished

decision) (absolute sovereign immunity of the United States). The Second Circuit has even given

preclusive effect to a state-court's previous granting of summary judgment to a police detective

"on the dubious ground that" he was entitled to "quasi-judicial immunity." *Conway v. Vill. of Mt.*

*Kisco*, 750 F.2d 205, 213 (2d Cir. 1984). And Chief Judge McMahon and the undersigned have

given preclusive effect to a federal district court's previous dismissal of claims because of

absolute judicial immunity. *See Mir v. Zucker*, No. 1:19-CV-6374, 2020 WL 2086215, at *3-5

(S.D.N.Y. Apr. 29, 2020) (Stanton, D.J.), *appeal pending*, 20-1659 (2d Cir.); *Mir v. Zucker*, No.

1:19-CV-6374, 2019 WL 5693695, at *4-5 (S.D.N.Y. Nov. 1, 2019) (McMahon, C.J.).

    Accordingly, Chief Judge McMahon's previous determination in *Johnson El I* that Judge

DeProspo is immune from suit was an adjudication on the merits of that issue for the purpose of

applying the doctrine of issue preclusion. The Court therefore dismisses Plaintiff's claims under

§ 1983 against Judge DeProspo under the doctrine of issue preclusion, for failure to state a claim

on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Mitchell v. Cigna Corp.*, No.

19-CV-3802, 2019 WL 2210664, at *2 (S.D.N.Y. May 21, 2019); *see Wachtmeister v. Swiesz*, 59 F. App'x 428, 429 (2d Cir. 2003) (summary order) ("Dismissal under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] is appropriate when a defendant raises collateral estoppel, or issue preclusion, as an affirmative defense and it is clear from the face of the complaint, and consideration of matters which the court may take judicial notice of, that the plaintiff's claims are barred as a matter of law." (citing *Conopco, Inc. v. Roll Int'l*, 231 F. 3d 82, 86-87 (2d Cir. 2000))).

### 2. Judicial immunity

Even if issue preclusion did not apply, Plaintiff's claims under § 1983 against Judge DeProspo must be dismissed under the doctrine of judicial immunity. Under this doctrine, judges are absolutely immune from suit for claims for damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Generally, "acts arising out of, or related to, individual cases before [a] judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). And as amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Judicial immunity does not apply when a judge acts outside his or her judicial capacity, or when a judge takes action that, although judicial in nature, is taken "in the complete absence of all jurisdiction." *Mireles* 502 U.S. at 11-12; *see also Bliven*, 579 F.3d at 209-10 (describing

actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff asserts claims against Judge DeProspo arising from Judge DeProspo's decision to revoke Plaintiff's pistol permit. This conduct is well within the scope of Judge DeProspo's duties as an Orange County Court Judge. *See* N.Y. Penal Law §§ 265.00(10), 400.00(11)(a) (definition of firearms licensing officer for certain New York State counties, including Orange County, includes "a judge or justice of a court of record having his office in the county of issuance, " and "a [firearms] license may be revoked and cancelled at any time [in certain counties, including Orange County,] by any judge or justice of a court of record"); *Libertarian Party of Erie Cnty. v. Cuomo*, __ F.3d __, No. 18-386, 2020 WL 4590250, at *10-12 (2d Cir. Aug. 11, 2020) ("[T]he district court did not err in determining that the rulings on firearm license applications were judicial decisions and that [the state-court judges who issued those decisions] are entitled to absolute immunity from the claims asserted against them in their individual capacities."); *Johnson El*, 2019 WL 6311882, at *3 ("Plaintiff asserts claims against Judge DeProspo arising from his May 16, 2019 decision to revoke Plaintiff's pistol permit. This conduct is well within the scope of Judge DeProspo's duties as an Orange County Court Judge."); *Aron v. Becker*, 48 F. Supp. 3d 347, 365 (N.D.N.Y. 2014) (Under New York State law, the "determination of a pistol permit application . . . is a function necessarily performed by a judicial officer." (citing N.Y. Penal Law §§ 265.00(10), 400.00))).

Judge DeProspo is therefore immune from suit under the doctrine of judicial immunity. *See Libertarian Party of Erie Cnty.*, 2020 WL 4590250, at *10-12. Accordingly, the Court dismisses Plaintiff's claims under § 1983 against Judge DeProspo under the doctrine of judicial

immunity and because such claims are frivolous. *See* § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*,

645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial

immunity is 'frivolous' for purposes of [the IFP statute].").[3]

**C.    Plaintiff's remaining claims**

The Court must dismiss Plaintiff's remaining claims as frivolous. A claim is frivolous

when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-

25 (1989), *abrogated on other grounds by Twombly*, 550 U.S. 544; *see also Denton v.*

*Hernandez*, 504 U.S. 25, 33 (1992) (holding that "finding of factual frivolousness is appropriate

when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*,

141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly

baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal

quotation marks and citation omitted).

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d

at 474-75, Plaintiff's remaining claims rise to the level of the irrational, and there is no legal

theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court

therefore dismisses Plaintiff's remaining claims as frivolous. *See* § 1915(e)(2)(B)(i).

**D.    The Court will not grant Plaintiff leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to

cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

---

[3] The amendment to § 1983, allowing for injunctive relief against a judge only if a state-court declaratory decree was violated or state-court declaratory relief is unavailable, precludes Plaintiff from seeking injunctive against Judge DeProspo. This is so because Plaintiff can seek judicial review of Judge DeProspo's decision in a proceeding under Article 78 of the New York Civil Practice Law and Rules in the New York Supreme Court, Appellate Division. *See* N.Y.C.P.L.R. § 506(b)(1); *Johnson El*, 2019 WL 6311882, at *3 n.2. Federal district courts do not supervise the state courts.

657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**E.    Warning**

The Court finds that because of Chief Judge McMahon's previous dismissal of Plaintiff's claims against Judge DeProspo in *Johnson El I*, Plaintiff was aware, or should have been aware, that his claims in the present action against Judge DeProspo are without merit. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where a frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Accordingly, the Court warns Plaintiff that further duplicative or frivolous litigation in this Court against Judge DeProspo arising from Judge DeProspo's revocation of Plaintiff's pistol permit will result in an order barring Plaintiff from filing, without prior permission of the Court, any new civil action in this Court IFP in which Plaintiff asserts claims against Judge DeProspo arising from Judge DeProspo's revocation of Plaintiff's pistol permit. *See* 28 U.S.C. § 1651.

**CONCLUSION**

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action.

The Court dismisses Plaintiff's claims for damages against those "who initiated this false incident regarding a traffic stop which did not involve any firearms" (ECF 1, at 11) as duplicative of, and without prejudice to, Plaintiff's claims in *Johnson El v. Bird*, No. 7:19-CV-5102.

The Court alternatively dismisses Plaintiff's claims under 42 U.S.C. § 1983 against Judge DeProspo under the doctrines of issue preclusion and judicial immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii).

The Court dismisses the remainder of Plaintiff's claims as frivolous. *See*

§ 1915(e)(2)(B)(i).

SO ORDERED.

Dated:   September 3, 2020
         New York, New York

_____
Louis L. Stanton
U.S.D.J.